FILED
CHARLES D. SUSANO III
CLERK
2022 MAY -2 AM 9:13
KNOX COUNTY CIRCUIT,
CIVIL SESSIONS
AND JUVENILE COURTS

IN THE CIRCUIT COURT OF KNOX COUNTY, TENNESSEE
AT KNOXVILLE

TRINITY GODFREY, and KEVIN GODFREY,
    Plaintiff(s),

vs.

WAL-MART STORES EAST, L.P.,
    Defendant(s).

Docket No. 2-119-22

## COMPLAINT

**COME NOW** the Plaintiffs, Trinity Godfrey and Kevin Godfrey, by and through counsel, and hereby brings this cause of action against the Defendant, WAL-MART STORES EAST, L.P., and would respectfully state unto this Honorable Court as follows:

1. The Plaintiffs Trinity F. Godfrey and Kevin Godfrey are adult resident citizens of Knoxville, TN and resides at 7920 Dodson Road, Knoxville, TN 37920.

2. The Defendant Wal-Mart Stores East, L.P., whose principle place of business is 702 SW 8H Street, Bentonville, AR 72716 is a foreign limited partnership existing in Tennessee and governed under the rules, regulations and laws thereof. Defendant Wal-Mart may be served with a copy of the summons and complaint upon its registered agent's address CT Corporation, 300 Montvue Road, Knoxville, TN 37919. Defendant Wal-Mart is subject to the jurisdiction of this court

**EXHIBIT B**

because one or more of its employees or agents committed a tortious act within this state.

3. All the wrongs complained of herein occurred within this jurisdiction and within one (1) year preceding the filing of this Complaint.

## FACTS

4. On or about May 2, 2022, the Plaintiff Trinity Godfrey entered the Wal-Mart Supercenter located at 7420 Chapman Highway, Knoxville, TN 37920 for the purposes of looking for a chair. While pushing her cart, a chair fell from an elevated position and hit the Plaintiff in the head knocking her to the ground.

5. On May 2, 2022, Defendant Wal-Mart Stores East, L.P. was the owner and operator of the location where the above act occurred. The Defendant further controlled and maintained the area where the chair was located. Wal-Mart had a duty to maintain its passageways, aisles, and displays in a proper condition for customers to safely view and sample merchandise.

6. The Defendant Wal-Mart created and/or failed to correct the dangerous condition which caused the chair to fall and further failed to warn the Plaintiff of the dangerous condition.

7. The Defendant Wal-Mart had a duty to exercise ordinary and reasonable care and diligence in maintaining its premises in a safe condition for invitees and it was under an affirmative duty to protect

invitees, including business visitors, not only against dangers of which it knew, but also against those which with reasonable care it might discover.

8. The Defendant Wal-Mart knew or should have known that it was negligent to place a chair at an elevated position wherein it could fall and hit a patron on the head thus creating a dangerous condition to those traveling under the chair and/or passing by the chair.

9. The Defendant created the condition either through the acts of its employees, in its negligent maintenance of merchandise, or in its negligent method of operation, and Defendant should have corrected the condition or warned Plaintiff of its existence.

10. The Defendant Wal-Mart had a duty to either remove the chair from an elevated position where it hit the Plaintiff in the head on May 2, 2021, OR give adequate warning regarding the displayed furniture that caused the Plaintiff's injury.

11. Prior to the Plaintiff's injury, the Defendant Wal-Mart did not remove the elevated chair where it fell and hit the Plaintiff, nor did the Defendant give adequate notice that the chair was displayed in a way so that any customer who walked by was at a risk of harm.

12. In the alternative, the Defendant Wal-Mart knew of the condition which caused the Plaintiff's injury long enough to protect its visitors

by either removing the displayed chair from the area where the fall occurred or placing adequate notice in the area of the chair.

13. Rather than taking immediate action, the Defendant, by and through its agents and/or employees, chose to wait and fix the issue when it was convenient for them.

14. As a proximate and direct result of the fall caused by the Defendant's failure to maintain its passageways, aisles and displays in a proper condition for customers to safely view and sample merchandise, the Plaintiff was injured and suffered severe and serious injuries.

## **NEGLIGENCE**

15. The Defendant Wal-Mart, as owners and operators of the retail store, or through its agents or employees, negligently failed to maintain its passageways, aisles, and displays in a proper condition for customers to safely view and sample merchandise.

16. Defendant, as owners and operators of the store located at 7420 Chapman Highway, Knoxville, TN 37920, or through its agents or employees, allowed a chair to be elevated in a location when Defendant, or its agents or employees, knew, or in the exercise of reasonable care should have known, that the store display created an unreasonable risk of harm to customers in their store.

17. Defendant, as owners and operators of the store, or through its agents failed to warn Plaintiff of the danger presented by the presence of the display to fall on its customers.
18. Defendant failed to otherwise exercise due care with respect to the matters alleged in this Complaint.
19. At all relevant times herein, Defendant and its employees, agents, and/or representatives were negligent in that they:
    a. Failed to take reasonable measures to maintain the premises;
    b. Failed to safely maintain the facility, conduct routine inspections, and address hazardous, dangerous and unsafe conditions in a timely manner;
    c. Knew or should have known that a dangerous, hazardous, and unsafe condition existed on its premises;
    d. Failed to provide warning signs and/or notice regarding hazardous, dangerous and unsafe conditions on its premises;
    e. Created a hazardous, dangerous and unsafe condition and failed to repair it and make it safe in a timely manner; AND
    f. Failed to exercise due and reasonable care.
20. Each of the foregoing acts and/or omissions on the part of the Defendant and its employees, agents and/or representatives as set forth herein was a direct and proximate cause of the damages suffered by the Plaintiff.

21. As the sole, direct and proximate result of the Defendant's negligence, the Plaintiff TRINITY GODFREY has been injured and her damages include, but are not limited to the following particulars to wit:
    a. Physical pain and suffering associated with injuries she received in the accident which are of a past, present and future nature;
    b. Mental pain and suffering associated with the injuries she received in the accident which are of a past, present and future nature;
    c. Loss of earning capacity; AND
    d. Cost of medical treatment, which is of a past, present and future nature.
22. As and for a separate cause of action, the Plaintiffs Trinity Godfrey and Kevin Godfrey would allege they have lost acts of love and affection as a result of the above-mentioned negligence of the Defendant and would allege additional damages for loss of consortium.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiffs, TRINITY GODFREY and KEVIN GODFREY, sue the Defendant, WAL-MART STORES EAST, L.P., and demand judgment against it in the amount of two-hundred-

and-fifty-thousand-dollars ($250,000.00), and such further relief, both specific and general, to which they may be entitled, under the premises.

**A JURY OF 6 PERSONS IS RESPECTFULLY DEMANDED**

RESPECTFULLY SUBMITTED:

_/s/ David R. Grimmett_
David R. Grimmett  (BPR #024454)
Grimmett Law Firm, PLLC
3326 Aspen Grove Drive
Suite 310, Lincoln Square
Franklin, TN 37067
Phone:  (615) 933-8000
Fax:  (615) 551-1181
E-Mail: dgrimmett@grimmettlawfirm.com
*Attorney for: Trinity Godfrey*